[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON APPEAL FROM FAMILY SUPPORT MAGISTRATE'S DECISION OF OCTOBER 17, 1991
This is an appeal, brought pursuant to Connecticut General Statutes 46b-231(n), of a weekly payment order on an arrearage judgment entered by Family Support Magistrate Miller on October 17, 1991, subsequent to a prior marital dissolution.
In the original complaint, filed February 9, 1987, Anibal Antunes ("plaintiff") brought suit for a dissolution of his marriage to Frances Antunes ("defendant") on the ground of irretrievable breakdown. The complaint sought custody and support of the minor child, exclusive use of the family residence, an assignment of all or part of the estate of the defendant, counsel fees and "an allowance to prosecute." At trial, plaintiff withdrew his claims for custody and counsel fees and requested visitation with the minor child.
The defendant filed an answer (admitting the allegations of the complaint) and cross complaint on February 13, 1987. The cross complaint sought a dissolution of marriage (although no ground was specified), alimony, custody and support of the minor child, counsel fees and a distribution of the parties' property.
On August 30, 1988, Hon. Irving Levine entered a judgment in this matter ordering that the marriage of the parties to the action be dissolved. The judgment also ordered, inter alia, that the defendant have sole custody of the minor child (with plaintiff allowed visitation rights), that the defendant be awarded occupancy of the family residence, that certain items of personal (and financial) property be divided between the parties, that the defendant be awarded weekly alimony in the amount of $35.00 (until remarriage or death of the defendant, or her cohabitation [vis-a-vis Connecticut General Statutes 46b-86(b)]), and that defendant be awarded $90.00 per week for child support. In his August 29, 1988 Memorandum of Decision, Hon. Irving Levine made note that "[i]t is patently evident to the court that the plaintiff's [i.e. husband's] actions were the cause of the breakdown." (P. 2.) CT Page 3438
On October 17, 1991, Family Support Magistrate Miller entered an arrears order against Anibal Antunes of $25.00 per week. The total arrearage, subject to adjustment and credit, was found to be $9,275.40. This order was made pursuant to Connecticut General Statutes 46b-231(m).
On October 30, 1991, the defendant wife appealed the weekly arrearage repayment order, pursuant to Connecticut General Statutes 46b-231(n). This section provides that "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal. . . ." Connecticut General Statutes 46b-231(n)(1).
The standard for determining whether a claimant is aggrieved countenances a two-fold test: (1) the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision. Huck v. Inland Wetlands Watercourse Agency, 203 Conn. 525, 530,525 A.2d 940 (1987). Since the Magistrate's decision had a specific personal and legal effect on defendant wife and the decision probably injuriously affected the defendant, the aggrievement requirement has been satisfied.
General Statutes 46b-231(n)(2) further provides that an appeal must be filed with 14 days of the filing of the Magistrate's decision. As the appeal was filed on October 31, 1991, less than two weeks after the October 17, 1991 decision, this appeal is timely.
The statute also requires that the "aggrieved party shall file with his appeal a statement that no transcript is required for the purpose of determining the issues raised on appeal or a statement that he has ordered a transcript." Connecticut General Statutes 46b-231(n)(4). It should be noted that the appeal does not delineate any such choice, as is mandated by the foregoing provision. The file does not contain a transcript of the hearing before the Family Support Magistrate.
Connecticut General Statutes 46b-231(n)(b) provides that:
 The appeal should be conducted by the superior court without a jury and shall be confined to the record and such additional evidence as the superior court has permitted to be introduced.
CT Page 3439
Connecticut General Statutes 46b-231(n)(7) provides the standards of review:
 The superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of family support magistrate is. . . . (E) clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or (f) arbitrary or capricious as characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The appellant's claim does not concern the total arrearage judgment (of $9,275.40, subject to adjustment and credit). Rather, her claim is narrow and specific: she only contests "the amount of weekly payments to be made on the amount of money that is in arrears [sic]." (Appeal Statement.) Since the total arrearage amount is uncontested, the exclusive substantive determination on appeal is whether $25.00 is a proper weekly arrearage payment under the given circumstances.
This appeal is brought on several grounds: (1) that a portion of the total amount of the arrearage should be paid "up front"; (2) that the appellee has enough money to afford making higher weekly payments; and (3) that the arrearage repayments should be increased since the appellant has not asked for an increase in child support.
To support the first ground, the appellant alludes to a lump sum offer of $5,000.00 by the opposing attorney to settle the arrearage debt in full. This argument is outside the scope of this appeal, which is explicitly and expressly limited to "the amount of weekly payments to be made on the amount of money that is in arrears [sic]" (Appeal Statement) (emphasis added). The argument that money should be paid "up front" is extraneous to the narrowly delineated subject matter of the appeal.
Like the first ground, the third may be dismissed since it is extraneous to the scope of this appeal. Here, appellant seeks an increase in the arrearage repayments on the basis that she has "not asked for an increase in [her] child support since the judgment was made, an increase which [she] should be entitled to based on cost of living increase." (Appeal Statement.) The appellant cites certain expenses and costs entailed by the care and maintenance of her disabled CT Page 3440 child. The proper way for the appellant to have contested child support payments is to have appealed the September 19, 1991 support order not the arrearage repayment schedule. The third ground is therefore dismissed as it alludes to an order that is separate and distinct from the scope of this appeal. The only entertainable ground for this appeal is the second one wherein the appellant asserts that he appellee is able to make higher payments.
In the second ground, the appellant points to the fact that the appellee "has been on vacation to California, Georgia, he finds money to go to Atlantic City to gamble, and when he was seeing [their] daughter, he always had new clothes and he does have a Blazer and a newer Cadillac." (Appeal Statement.) Essentially, the second ground directly addresses the obligor's ability to pay.
As previously noted, the Magistrate's decision should remain undisturbed unless it is found to be: (1) clearly erroneous in view of the record, or (2) arbitrary, capricious, or characterized by an abuse of discretion. Connecticut General Statutes 46b-231(n)(7)(d) and (e).
Although the appellant is indeed correct in her assertion that the appellee's ability to pay more money toward the arrearage is a valid factor for consideration (see, e.g., Huck v. Nadolny, 2 S.M.D. 144 (1988); Briere v. Sawyer, 4 S.M.D. 176 (1990)), Connecticut State agency regulations condone the present arrearage decision. Section 15-578(b)-5(b) of the regulations of Connecticut State Agencies provides that a weekly repayment amount of $25.00 to $50.00 is proper for a past due support sum of $5,000.00 to $10,000.00.
Previously Family Support Magistrate decisions have issued weekly arrearage repayment orders similar to the one at hand: Cavanaugh v. Cavanaugh, 3 S.M.D. 57, 73 (1989) (payment on original arrearage of $9,251.62 set at $15.00 a week); Thomas v. Thomas, 2 S.M.D. 105 (1988) (defendant paying $25.00 a week on arrearage over $10,000.00); Briere v. Sawyer, supra (in addition to a $65.00 a week support order, court ordered an additional $5.00 a week on an $11,737.00 arrearage).
Accordingly, the agency regulations and previous decisions of family support magistrates support the decision of the family support magistrate in this case.
The magistrate's decision withstands judicial scrutiny as provided by the standard of review set forth in Connecticut General Statutes 46b-231(n)(7). Therefore, the appellant's appeal is dismissed. CT Page 3441
EDWARD R. KARAZIN, JR., JUDGE